IN THE
UNITED STATES COURT OF APPEALS
FOR THE
FOURTH CIRCUIT

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
|     Appellee ) | |
| ) | |
| v. ) | Appeal No. 19-4553 |
| ) | |
| ) | |
| THOMAS GILLEN, ) | |
|     Appellant ) | |

MOTION FOR RECOMMENDATION OF APPOINTMENT OF ATTORNEY
AND FOR EXTENSION OF TIME IN WHICH TO FILE APPELLANT'S
OPENING BRIEF AND APPENDIX

Comes now the Appellant, by and through Counsel, and moves this Honorable Court, pursuant to Federal Rule of Appellate Procedure 26 and Fourth Circuit Rule 26, for a 21-day extension of time in which to file the Opening Brief and Appendix in this case, which is due 19 November 2019. Appellant further moves this Court for a recommendation to the U.S. District Court for the Western District of Virginia to appoint an attorney for Defendant-Appellant that will file his Motion to Supplement the Record. In the alternative, Appellant moves for a 48-hour extension of time in order to finalize the Opening Brief and Appendix without supplementation of the Record. In support of its Motion, the undersigned Counsel states as follows:

1. Defendant-Appellant filed a Motion to Supplement the Record on 17 October 2019.

2. The United States filed its response on 29 October 2019.

3. On 30 October 2019, this Honorable Court issued its Order denying the Motion to Supplement the Record without prejudice to refiling of a Motion to Supplement the Record in the District Court.

4. As stated in his previous Motion for Extension of Time, Defendant-Appellant intends to refile his Motion to Supplement the Record in the District Court.

5. This filing has to this point been impossible, for several reasons: (a) the undersigned Counsel is not admitted to practice in the Western District of Virginia; (b) the attorney previously appointed by the District Court has been released from his obligations; (c) no other attorney admitted to practice in the Western District of Virginia can be found to file the Motion.

6. As noted in Defendant-Appellant's Motion to Supplement the Record, the present case is emphatically political. This is, in fact, the essential point in arguing that the statute at issue is unconstitutional as applied to Defendant-Appellant.

7. The political nature of the present case has other implications besides the legality of the statute, to wit: any attorney involved in defending the rally-goers at Unite the Right will suffer personal and professional repercussions.

8. Not only does any attorney involved in unmasking the political nature of this case fight the majesty of the Office of the United States Attorney and, therefore, the whole of the Federal Government; but he also sets himself against the power and might of the media and the legal profession itself, not to mention polite society.

9. This situation creates massive professional, social, and financial disincentives for any attorney to defend someone accused of being a "white supremacist," especially when that means demonstrating the political bent of the Office of the U.S. Attorney.

10. The undersigned Counsel has for over a year been involved with recruiting attorneys for this sort of case all across the country. He has had difficulties in each State, but none so dramatic as in the Commonwealth of Virginia.

11. Based on Counsel's myriad conversations with Virginia attorneys, Counsel believes this is due to Charlottesville being the epicenter of the present civil rights battle over whether people accused of holding white supremacist ideology have the right to speech or assembly under the First Amendment.

12. The present matter is not a question of whether a criminal defendant should be let loose on some legal technicality: it is primarily a civil rights case, the constitutional implications of which cannot be overstated.

13. To force the case forward because an attorney could not be found to represent Defendant-Appellant at the District Court level would be a miscarriage of justice.

14. Undersigned Counsel is willing to file the Motion to Supplement the Record in District Court but is not licensed to practice in Virginia and cannot practice in the Western District except by *pro haec vice* admission; which admission he cannot gain without two sponsors. Naturally, the same obstacles are present in this regard as in finding an attorney to file on his own.

15. The only option appears to be the appointment of an attorney by the District Court.

16. The undersigned Counsel would gladly accept appointment.

17. Because the supplementation of the Record has been a major concern for Defendant-Appellant from the beginning, undersigned Counsel will need time to finalize the Opening Brief and Appendix in the event that the main Motion for Recommendation of Appointment and for Extension of Time is denied. Counsel believes 48 hours would be sufficient in that event.

18. Counsel has spoken with Ms. Rottenborn of the Office of the United States Attorney, who objects to the 21-day extension of time but does not object to the 48-hour extension of time.

For the above-stated reasons, the undersigned Counsel respectfully requests that the Court extend the due date for the Opening Brief and Appendix until 10 December 2019 and recommend to the U.S. District Court for the Western District of Virginia the appointment of counsel for Defendant-Appellant.

In the alternative, Counsel requests that the Court extend the due date 48 hours so that the Opening Brief and Appendix can be filed without supplementation of the Record.

Respectfully submitted,

THOMAS GILLEN

By Counsel

_/s/ Augustus Invictus_____
Augustus Invictus, Esq.
The Law Office of Augustus Invictus, P.A.
424 E. Central Blvd. #154
Orlando, Florida 32801
Phone: 310.824.3725
Email: InvictusPA@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 19 November 2019, I electronically filed the foregoing motion of Appellant with the Clerk of the Court using the CM/ECF

System, which will send notice, and constitute service, of such filing to the following registered CM/ECF user: Laura Rottenborn, Assistant United States Attorney, Counsel for the Appellee.

                                                   /s/ Augustus Invictus
                                                   Augustus Invictus, Esq.