UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Appellee | :<br>: |
| v. | :    Record No.: 19-4553 |
| THOMAS GILLEN,<br>      Appellant | :<br>:<br>: |

## MOTION TO HOLD CASE IN ABEYANCE

COMES NOW the United States, by and through its counsel, Assistant United States Attorney Laura Day Rottenborn, and moves this Honorable Court to hold this case in abeyance pending the decision in *United States v. Miselis, et al*, Case No. 19-4550 (L), or alternatively for a stay of the briefing schedule in this case. As explained further below, appellate counsel for Defendant-Appellant Thomas Gillen, Mr. Augustus Invictus, was arrested on December 30, 2019 in Florida as a fugitive on charges out of South Carolina for kidnapping, domestic violence, and possession of a firearm during a crime of violence. It is the government's understanding that Mr. Invictus has been detained without bond, and will not appear in court again until January 15, 2020.

    1. On October 10, 2018, a federal grand jury indicted Gillen and three co-defendants on two counts: Count One charged the defendants with a conspiracy to violate 18 U.S.C. § 2101, in violation of 18 U.S.C. § 371, and Count Two charged the defendants with a substantive violation of 18 U.S.C. § 2101 for their travel and

acts of violence in furtherance of a riot in Charlottesville. Case No. 3:18-CR-00025 (WDVA), ECF 8.

2. Gillen was deemed indigent and provided court-appointed CJA counsel David Eustis, who represented him throughout the district court proceedings.

3. In April and May 2019, all of the defendants pleaded guilty to Count One in exchange for dismissal of Count Two. *Id.*; ECF 98. As more completely stated in the plea agreement, Gillen's completion of prosecution provision also included additional language that he not be prosecuted for violation of 18 U.S.C. § 922(g) for the firearm possession that was discovered as a part of the investigation in this case. *Id.*; ECF 101. As part of the plea agreement, Gillen waived his right to appeal, with one limited exception. He, along with his co-defendants, reserved the right to appeal as to any issue that cannot be waived as a matter of law, as well as a claim the Anti-Riot Statute is unconstitutional. *Id.*; ECF 101.

4. Sentencing was held on July 26, 2019, and the district court sentenced Gillen to 33 months in prison. *Id.*; ECF 159.

5. Gillen timely appealed his conviction, as did two of the three other co-defendants. The remaining defendant did not appeal.

6. Gillen's trial counsel Davis Eustis is on the Fourth Circuit's CJA panel and was initially appointed to represent Gillen on appeal. Gillen, however, subsequently arranged to be represented by Mr. Invictus.

7. On July 31, 2019, Gillen filed his docketing statement in this Court, stating the only issue on appeal is the "Constitutionality of 18 U.S.C. sec. 2101." Case No, 19-4553, ECF 9. Gillen claims the statute is facially unconstitutional, as well as unconstitutional as applied to him. That is the same (and only) issue on appeal by the other two defendants, Benjamin Daley and Michael Miselis ("the Miselis appeal"). *See* Case No. 19-4550 (L). Nonetheless, Gillen sought to deconsolidate his appeal from his co-conspirators, which motion the government opposed. ECF 18. The Court granted Gillen's motion. ECF 19.

8. The Defendant-Appellants in the Miselis appeal filed their consolidated opening brief on October 10, 2019. Case No. 19-4550, ECF 27. The government filed its response brief on November 26, 2019. ECF 53. Any reply brief is due January 3, 2020, and the case is calendared for oral argument on January 31, 2020. ECF 57.

9. Gillen filed his opening brief on November 26, 2019, but it was not properly filed and a docket correction was requested. Case No. 19-4553, ECF 34-38. A corrected brief was filed December 26, 2019. ECF 43. The Court entered an order with a revised briefing schedule, making the government's response brief due January 16, 2020. ECF 45.

10. This Court's decision in the Miselis Appeal regarding the constitutionality of the Anti-Riot Act will resolve the sole issue on appeal in this case. Moreover, it is

unclear whether Gillen can and will continue to be represented by Mr. Invictus in light of Mr. Invictus's criminal charges and detained status.

11. Undersigned counsel for the government contacted Mr. Eustis on January 2, 2020 and apprised him of the status of this matter. Mr. Eustis stated he would be willing to again represent Gillen in this matter if Gillen so desired. Both parties agreed, however, that because Mr. Eustis does not currently represent Gillen, the parties do not know Gillen's position regarding any stay in this case or the possibility of re-consolidation of these appeals. Due to the unusual nature of this matter, the government is uncertain on the proper way to otherwise contact Gillen in compliance with Local Rule 27 of the Rules of Appellate Procedure.

WHEREFORE, the government respectfully requests this Honorable Court to hold this case in abeyance pending the decision in *United States v. Miselis et al.*, Case No. 19-4550(L), or alternatively for a stay of the briefing schedule in this case.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

/s/ Laura Day Rottenborn
Assistant United States Attorney
VA Bar No. 94021
IL Bar No. 6289334
United States Attorney's Office
Laura.Rottenborn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2020, the foregoing Motion was filed with the Clerk of the Court using the CM/ECF System and a copy of the Motion was sent by U.S. Postal Mail to Mr. Thomas Gillen, FCI Manchester, P.O. Box 4000, Manchester, KY, 40962.

/s/ Laura Day Rottenborn
Laura Day Rottenborn
Assistant United States Attorney